IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **DANIEL NEIL JACKSON,**  )  | |
| Plaintiff,  ) | Civil Action No. 7:22-cv-00090 |
| ) | |
| v.  ) | |
| ) | By: Michael F. Urbanski |
| **D. DAMERON, et al.,**  ) | Chief United States District Judge |
| Defendants.  ) | |

## MEMORANDUM OPINION

Plaintiff Daniel Neil Jackson, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that Nurse D. Dameron and Dr. K. Smith acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment. In addition to Nurse Dameron and Dr. Smith, Jackson's complaint names the Augusta Correctional Center Medical Department ("Medical Department") as a defendant. Because the Medical Department is not a proper defendant in a § 1983 action, the court will dismiss the claims against it pursuant to 28 U.S.C. § 1915A(b)(1).

### I.

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the court must "dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## II.

Section 1983 imposes liability on any "person" who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983[,] a plaintiff 'must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" Loftus v. Bobzien, 848 F.3d 278, 284–85 (4th Cir. 2017) (quoting Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011)).

It is well settled that a state prison is not a "person" subject to suit under § 1983. See Va. Office for Prot. & Advocacy v. Reinhard, 405 F.3d 185, 189 (4th Cir. 2005) (agreeing that a state agency "is not a 'person' within the meaning of [§ 1983]"); McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890, 893 (E.D. Va. 1992) (holding that correctional facilities in Virginia are properly considered "arms of the state" and "therefore not persons under § 1983"). Likewise, "[t]he medical department of a prison may not be sued, because it is not a person within the meaning of § 1983." Harden v. Green, 27 F. App'x 173, 178 (4th Cir. 2001). Accordingly, the Medical Department is not a proper defendant in this action.

## III.

For the reasons stated, the court concludes that Jackson's complaint fails to state a claim against the Medical Department. Therefore, the court will dismiss the claims against this defendant pursuant to 28 U.S.C. § 1915A(b)(1). An appropriate order will be entered.

Entered: July 8, 2022

Michael F. Urbanski
Chief United States District Judge