IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **DANIEL NEIL JACKSON,** | ) | |
| Plaintiff, | ) | Civil Action No. 7:22-cv-00090 |
| | ) | |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| **D. DAMERON, <u>et</u> <u>al.</u>,** | ) | Chief United States District Judge |
| Defendants. | ) | |

## ORDER

Daniel Neil Jackson, a Virginia inmate proceeding <u>pro se</u>, filed this civil action under 42 U.S.C. § 1983, alleging that medical staff at Augusta Correctional Center violated his Eighth Amendment rights by failing to provide adequate treatment for nerve damage and chronic pain in his right leg. The case is presently before the court on Jackson's request for "temporary relief," which the court construes as a motion for a preliminary injunction. ECF No. 11. Having reviewed the motion, the court concludes that Jackson has failed to make a clear showing that he is entitled to preliminary injunctive relief. Therefore, the motion will be denied.

A preliminary injunction is an "extraordinary" remedy that courts should only grant "sparingly and in limited circumstances." <u>Direx Israel, Ltd. v. Breakthrough Med. Corp.</u>, 952 F.2d 802, 816 (4th Cir. 1991) (internal quotation marks omitted). A plaintiff seeking a preliminary injunction must make a "clear showing" that he is entitled to such relief. <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 22 (2008). Specifically, the plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." <u>Id.</u> at 20. A preliminary injunction cannot be issued unless all four requirements are satisfied. <u>Pashby v. Delia</u>, 709 F.3d 307, 320 (4th Cir. 2013).

At this stage of the proceedings, Jackson has not met his burden of establishing his entitlement to a preliminary injunction. His motion does not address the requirements set forth in Winter, much less make a "clear showing" that preliminary injunctive relief is warranted. Winter, 555 U.S. at 22. Nor does the motion specify what type of preliminary or temporary relief Jackson seeks. See ECF No. 11 at 3 (requesting "some form of temporary relief pending the outcome of this civil action"). To the extent the motion can be construed to request an order requiring the defendants to provide medications previously prescribed for chronic pain, Jackson has not demonstrated that such relief is appropriate. See, e.g., Knox v. Shearing, 637 F. App'x 226, 228–29 (7th Cir. 2016) (affirming the denial of an inmate's motion requesting the court to order the defendants to give him a medication that was previously prescribed for pain); Ballard v. Haynes, No. 3:17-cv-00455, 2018 WL 833598, 2018 U.S. Dist. LEXIS 22597, at *5–6 (W.D.N.C. Feb. 12, 2018) (denying the inmate's request for an order requiring the medical defendants to provide medications previously prescribed by another doctor).

For these reasons, it is hereby **ORDERED** that Jackson's motion for a preliminary injunction, ECF No. 11, is **DENIED**. The Clerk is directed to send a copy of this order to the parties.

It is so **ORDERED**.

Entered: October 28, 2022

Digitally signed by Michael F. Urbanski   Chief U.S. District Judge
Date: 2022.10.28 10:45:23 -04'00'

Michael F. Urbanski
Chief United States District Judge