IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DANIEL NEIL JACKSON,<br>  Plaintiff, | )<br>)<br>) | Case No. 7:22-cv-00090 |
| v. | )<br>)<br>) | By: C. Kailani Memmer |
| D. DAMERON, RN, *et al.*,<br>  Defendants. | )<br>)<br>) | United States Magistrate Judge |

**MEMORANDUM OPINION**

Daniel Neil Jackson, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 against D. Dameron, RN, and Dr. K. Smith. On August 3, 2023, the clerk entered default against the defendants for failing to respond to the complaint. On October 17, 2023, the assigned district judge transferred the case to the undersigned magistrate judge upon the consent of the parties, pursuant to 28 U.S.C. § 636(c)(1). The case is now before the court on Jackson's motion for default judgment (ECF No. 21) and the defendants' motion to set aside the entry of default (ECF No. 23). For the reasons set forth below, the court will grant the defendants' motion and deny Jackson's motion.

**I.    Background**

Jackson is incarcerated at Augusta Correctional Center ("ACC"). He filed this action under 42 U.S.C. § 1983 on February 16, 2022. Liberally construed, Jackson's complaint asserts claims of deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Jackson alleges that he was previously diagnosed with nerve damage in his right leg for which he was prescribed pain medications, an ankle sleeve, and physical therapy. He alleges that the defendants failed to provide prescribed treatment after he was transferred to ACC, causing him to suffer pain, loss of sleep, and mental and physical anguish. He also alleges that he had to resign from his prison

job because Dr. Smith refused to issue a medical exemption that would have excused him from being required to wear boots that caused extreme pain and discomfort. (*See* ECF No. 1 at 2–3.)

On July 18, 2022, the clerk sent requests for waiver of service to the Office of the Attorney General of Virginia ("OAG"), pursuant to a service agreement with the OAG. (ECF No. 8.) On August 18, 2022, the OAG declined to accept service of process on behalf of the defendants on the basis that they are not employees of the Virginia Department of Corrections. (ECF No. 9.) The OAG advised the clerk that the defendants are employed by VitalCore Health Strategies ("VitalCore").

On September 21, 2022, the United States Marshals Service was directed to attempt service of process on the defendants. (ECF No. 12.) The record reflects that a deputy marshal personally served both defendants on September 28, 2022. (ECF No. 14.)

As of June 23, 2023, the defendants had not responded to the complaint, and the time for doing so had long expired. Because Jackson had not moved for entry of default under Federal Rule of Civil Procedure 55 or taken any further action in the case, a magistrate judge issued an order directing him to show cause as to why the case should not be dismissed for failure to prosecute. (ECF No. 16.) In response, Jackson requested entry of default against both defendants based on their failure to respond to the complaint. (ECF No. 17.) That request was granted by order entered August 3, 2023, and the clerk was directed to enter default against the defendants. (ECF No. 18.) In accordance with the order, the clerk mailed a copy of the order and the entry of default to the plaintiff, the defendants, and VitalCore. (ECF Nos. 18 and 19.)

On August 16, 2023, Jackson moved for default judgment against the defendants. (ECF No. 21.) Seven days later, on August 23, 2023, the defendants moved to set aside the entry of default. (ECF No. 23.) Both motions have been briefed and are ripe for review.

## II.     Legal Standards

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for obtaining a default judgment. *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 130 (4th Cir. 2020). "The first step is the entry of default, which must be made by the clerk '[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise.'" *Id.* (alteration in original) (quoting Fed. R. Civ. P. 55(a)). "The second step is the subsequent entry of a default judgment" under Rule 55(b). *Id.* (emphasis omitted); *see also Husain v. Casino Control Comm'n*, 265 F. App'x 130, 133 (3d Cir. 2008) (explaining that an entry of default "constitutes a general prerequisite for a subsequent default judgment").

Pursuant to Rule 55(c), "[a] court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). When deciding whether to set aside an entry of default, courts consider the following factors: "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the [opposing] party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006).

The United States Court of Appeals for the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). The Fourth Circuit has explained that "Rule 55(c)'s 'good cause' standard . . . is more forgiving of defaulting parties because it does not implicate any interest in finality," *id.* at 420, and that Rule 55(c) "must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments,'" *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987) (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)). Thus, "[a]ny doubts about

3

whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson*, 411 F.2d at 130.

### III.   Analysis

Against this backdrop, the court must first determine whether the entry of default against the defendants should be set aside. Having considered the factors relevant to a determination under Rule 55(c), the court finds that four factors weigh in favor of setting aside the entry of default. The court will address each factor in turn.

#### A.   Whether the Defendants Have a Meritorious Defense

The first factor is whether the parties seeking to set aside the entry of default have a meritorious defense. *Payne*, 439 F.3d at 204. In support of their Rule 55(c) motion, the defendants assert that they have meritorious defenses to raise in response to Jackson's Eighth Amendment claims of deliberate indifference. (*See* ECF No. 24 at 3–4.) However, they have not presented any evidence that would support a finding in their favor on the issue of liability. The Fourth Circuit has indicated that "[a] meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (discussing this factor in the context of a motion to set aside a default judgment). Merely alleging in conclusory fashion that a meritorious defense exists does not suffice. *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251–52 (4th Cir. 1967). When presented with a "bare allegation of a meritorious defense," the court may, "in its discretion, . . . requir[e] disclosure of facts to support such a conclusory assertion." *Id.* at 252. The court finds it unnecessary to do so in this case, however, since four of the remaining factors weigh in favor of setting aside the entry of default. *See Payton v. Guallart*, No. 3:22-cv-00042, 2022 WL 16636937, at *4 (W.D. Va. Nov. 2, 2022) (declining to consider the first factor since no other factor weighed in the plaintiff's favor). Instead, the court "will assume, for the

sake of argument, that this factor weighs in favor of [the plaintiff]." *Cofield v. Worktime, Inc.*, No. 1:22-cv-00727, 2022 WL 2315723, at *2 (D. Md. June 28, 2022).

### B. Whether the Defendants Acted with Reasonable Promptness

The second factor is whether the defendants acted in a reasonably prompt manner in moving to set aside the entry of default. *Payne*, 439 F.3d at 204. Here, the clerk entered default against the defendants on August 3, 2023, and the defendants moved to set aside the entry of default twenty days later, on August 23, 2023. In similar circumstances, courts have found that defaulting parties acted with reasonable promptness. *See Farrar v. Cessna Aircraft Co.*, No. 2:18-cv-00461, 2022 WL 16554697, at *3 (S.D.W. Va. Oct. 31, 2022) (noting that "district courts in the Fourth Circuit have found that a defendant acted with reasonable promptness when waiting seventeen, twenty-one, and thirty-two days after default was entered before attempting to set it aside) (citations omitted). The court finds that this factor weighs in favor of the defendants.

### C. Personal Responsibility of the Defaulting Parties

The third factor examines the personal responsibility of the defaulting parties. *Payne*, 439 F.3d at 204. When considering this factor, "courts are essentially asking whether the defaulting party is 'ultimately responsible' for failing to respond.'" *Progressive Adv. Ins. Co. v. Holt*, No. 2:22-cv-00321, 2023 WL 2072413, at *3 (E.D. Va. Feb. 17, 2023) (quoting *Pinpoint IT Servs., LLC v. Atlas IT Export Corp.*, 812 F. Supp. 2d 710, 726 (E.D. Va. 2011)). Answering that question requires courts to "focus on the source of the default." *Augusta Fiberglass*, 843 F.2d at 811.

According to defense counsel, the defendants' failure to respond to the complaint resulted from "internal confusion regarding responsibility for the defense of this claim." (ECF No. 24 at 5.) Counsel explains that although the defendants were employed by VitalCore at the time they were served with process, Jackson's claims pertain to care and treatment provided during a period of time in which the defendants were employees of Armor Correctional Health Services, Inc. ("Armor").

5

Apparently unbeknownst to the defendants, Armor "did not take over the defense of the lawsuit," and "it was unattended until the letter was received at the VitalCore corporate office advising of the Entry of Default, at which time, [defense] counsel became involved immediately." (*Id.* at 5.)

Based on counsel's representations, it appears that the defendants assumed that their current or former employer would arrange for representation after they were served with process and that no further action on their part was required. Although these assumptions were incorrect, there is no indication that the defendants willfully or deliberately failed to respond to the complaint. Thus, even if the defendants are not entirely blameless, this factor is "of limited significance in this case" and does not overwhelmingly weigh against setting aside the entry of default. *Head v. Modine Mfg. Co.*, No. 6:23-cv-00029, 2023 WL 5303694, at *3 (W.D. Va. Aug. 17, 2023) (finding that this factor weighed only sightly against vacating an entry of default where the failure to timely respond resulted from a change in the defendant's legal department and counsel quickly filed a Rule 55(c) motion upon being retained); *Progressive Adv. Ins. Co. v. Holt*, No. 2:22-cv-00321, 2023 WL 2072413, at *4 (E.D. Va. Feb. 17, 2023) (finding that this factor was "not determinative" and did not "weigh overwhelmingly in [the plaintiff's] favor" since it appeared that the defendant erroneously believed that he would be represented in any cases involving the plaintiff).

### D. Prejudice to the Plaintiff

The fourth factor requires the court to consider whether setting aside the entry of default would prejudice Jackson. *Payne*, 439 F.3d at 204. "In the context of a motion to set aside an entry of default, as in other contexts, delay in and of itself does not constitute prejudice to the opposing party." *Colleton*, 616 F.3d at 418. "As [the Fourth Circuit] noted in *Payne*, the issue is one of *prejudice to the adversary*, not merely the existence of delay." *Id.* To determine whether the non-defaulting party would be prejudiced, courts consider whether the delay caused by the default "made it impossible for the non-defaulting party to present some of its evidence; made it more difficult for the non-defaulting

party to proceed to trial; hampered the non-defaulting party's ability to complete discovery; and was used by the defaulting party to collude or commit a fraud." *Burton v. The TJX Cos., Inc.*, No. 3:07-cv-00760, 2008 WL 1944033, at *4 (E.D. Va. May 1, 2008) (bullet points omitted).

Here, the court has no reason to believe that Jackson would be prejudiced by a decision to set the entry of default and allow the matter to proceed on the merits. There is no indication that the delay caused by the default would hinder Jackson's ability to engage in discovery or hamper his ability to present evidence in support of his claims.1 Nor is there any indication that the defendants used the delay to commit fraud. Thus, the court finds that this factor weighs in favor of the defendants. *See Vick v. Wong*, 263 F.R.D. 325, 331 (E.D. Va. 2009); *see also Colleton*, 616 F.3d at 419 (noting that "no cognizable prejudice inheres in requiring a plaintiff to *prove* a defendant's liability, a burden every plaintiff assumes in every civil action filed in every federal court").

### E. History of Dilatory Action

The fifth factor is whether there is a history of dilatory action on the part of the defaulting parties. *Payne*, 439 F.3d at 204. In response to the defendants' motion, Jackson acknowledges that there is no evidence of prior dilatory action on the part of Dameron or Dr. Smith. (*See* ECF No. 27 at 5.) Therefore, this factor weighs in favor of the defendants.

### F. Availability of Less Drastic Sanctions

Finally, the court must consider whether less drastic sanctions are available. *Payne*, 439 F.3d at 204–05. "Typically, less drastic sanctions can include the assessment of costs and attorney's fees relating to the need to seek default." *Cofield*, 2022 WL 2315723, at *3. In this case, Jackson is not incurring any attorney's fees, and he does not request sanctions less drastic than default. (*See* ECF No. 27 at 6.) Under the circumstances presented, where there is no history of dilatory action or

---

1 Jackson himself delayed in the prosecution of this case which resulted in the filing of an Order to Show Cause why this case should not be dismissed. (ECF No. 16.)

evidence of prejudice, the court finds that "the less drastic sanction of a warning to [the defendants] that deadlines must be heeded in the future will suffice." *Strojnik v. Hyatt Hotels Corp.*, No. 2:21-cv-00741, 2022 WL 504480, at *9 (D. Ariz. Feb. 18, 2022); *see also Whitten v. Johnson*, No. 7:19-cv-00728, 2022 WL 885773, at *4 (W.D. Va. Mar. 25, 2022) (declining to enter default judgment and instead warning the defendant and his counsel "that failure to comply with deadlines in the future could result in the imposition of sanctions"). Accordingly, the final factor weighs in favor of the defendants.

## IV. Conclusion

Having considered the six factors identified in *Payne*, the court finds that four factors weigh in favor of the defendants. Accordingly, and in light of the Fourth Circuit's "long-held view that Rule 55(c) motions must be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments," *Colleton*, 616 F.3d at 421 (internal quotation marks and citations omitted), the court finds good cause to set aside the entry of default. Without an entry of default, Jackson cannot obtain a default judgment. *See Fidrych*, 952 F.3d at 130; *Husain*, 265 F. App'x at 133. For these reasons, the court will grant the defendants' motion to set aside the entry of default and deny Jackson's motion for default judgment. An appropriate order will be entered.

Entered: November 22, 2023

*C. Kailani Memmer*
C. Kailani Memmer
United States Magistrate Judge