IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

**DANIEL NEIL JACKSON,**

      **Plaintiff,**

v.

                                            **Case No.: 7:22-cv-00090**

**D. DAMERON, et al.**

      **Defendants.**

## WAIVER OF ANSWER

COME NOW, Kyle Smith, MD (identified in the Complaint as "Dr. K. Smith") and Derinda Dameron, RN (identified in the Complaint as "D. Dameron, RN"), by counsel, and hereby give notice to this Court and to Plaintiff that they have elected not to file an Answer to Plaintiff's Complaint (Doc. 1) and instead give notice of this Waiver, which, pursuant to 42 U.S.C. § 1997e(g)(1), shall not be construed as an admission as to the putative truth of the allegations contained in Plaintiff's Complaint. Kyle Smith, MD ("Dr. Smith") and Derinda Dameron, RN ("Nurse Dameron") additionally assert the following affirmative defenses in response to Plaintiff's Complaint as to the claims and allegations asserted against them.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has not been denied any rights protected by the United States Constitution, any provision of the United States Code, or any provision of the Virginia Code Annotated.

### THIRD AFFIRMATIVE DEFENSE

Dr. Smith and Nurse Dameron deny that Plaintiff has suffered any cognizable injuries or damages as a result of any acts or omissions on their part and they demand strict proof thereof.

### FOURTH AFFIRMATIVE DEFENSE

Dr. Smith and Nurse Dameron aver that any injury, damage, or loss alleged by Plaintiff was the result of pre-existing or subsequently existing medical conditions or incidents that occurred prior to or subsequent to any act or conduct of either of these Defendants.

### FIFTH AFFIRMATIVE DEFENSE

Dr. Smith and Nurse Dameron aver that Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e and other applicable law.

### SIXTH AFFIRMATIVE DEFENSE

Dr. Smith and Nurse Dameron avers that at all times relevant in their interactions with Plaintiff, they exercised the same degree of care, skill and diligence that other health care providers in each of their respective fields of practice would have exercised under similar circumstances, and that at no time did they act towards Plaintiff with deliberate indifference to a serious medical need.

### SEVENTH AFFIRMATIVE DEFENSE

The Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e(c) mandates the dismissal of Plaintiff's claims against Dr. Smith and Nurse Dameron as this action in regard to them is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks money damages from them.  These Defendants are entitled to immunity from such damages.

## EIGHTH AFFIRMATIVE DEFENSE

Any claims sounding in negligence asserted against Dr. Smith and Nurse Dameron are not actionable since they acted in good faith and with due care in regard to the prevailing professional standard of care in their care and treatment/interactions with Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Dr. Smith cannot be held liable on the theories of *respondeat superior*, agency, and/or vicarious liability.

## TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff attempts to assert a state-law medical negligence/malpractice claim against these Defendants, Plaintiff has failed to comply with the statutory requirements prior to serving seeking service on Dr. Smith and Nurse Dameron.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to set out the requisite elements necessary for a claims of injunctive relief against Dr. Smith and Nurse Dameron, and any therefore, any such claims against them must be dismissed.

## TWELFTH AFFIRMATIVE DEFENSE

Dr. Smith and Nurse Dameron are entitled to qualified immunity.

## THIRTEENTH AFFIRMATIVE DEFENSE

Dr. Smith and Nurse Dameron reserve the right to amend her affirmative defenses and to add new affirmative defenses in the event future discovery reveals the existence of or need for such.

<u>JURY TRIAL DEMANDED</u>

Dr. Smith and Nurse Dameron demand a trial by jury.

Respectfully submitted,

**KYLE SMITH, MD and
DERINDA DAMERON, RN**

/s/   *Grace Morse McNelis*
Grace Morse-McNelis, Esq., VSB No. 75957
Frith Anderson + Peake
4198 Cox Road, Suite 102
Glen Allen, VA 23060
Phone – (804) 362-0078
Fax – (540) 772-9167
gmorsemcnelis@faplawfirm.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 6^(TH) day of December, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I further certify that I will mail the document by U.S. mail to the following non-filing user:

Daniel Neil Jackson, 1182398
VADOC Centralized Mail Distribution Center
3521 Woods Way
State Farm, Virginia 23160
Plaintiff, *pro-se*

/s/   *Grace Morse McNelis*
Grace Morse-McNelis, Esq., VSB No. 75957
Frith Anderson + Peake
4198 Cox Road, Suite 102
Glen Allen, VA 23060
Phone – (804) 362-0078
Fax – (540) 772-9167
gmorsemcnelis@faplawfirm.com