CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
September 09, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DANIEL NEIL JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:22-cv-00090 |
| | ) | |
| v. | ) | |
| | ) | |
| D. DAMERON, RN, *et al.*, | ) | By: C. Kailani Memmer |
| | ) | United States Magistrate Judge |
| Defendants. | ) | |

**ORDER**

Daniel Neil Jackson, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 against D. Dameron, RN, and Kyle Smith, MD. Jackson claims that the defendants acted with deliberate indifference to his serious medical needs while he was incarcerated at Augusta Correctional Center. The defendants previously requested and received permission to issue a subpoena requesting the production of relevant medical records in the possession of the Virginia Department of Corrections ("VDOC"). *See* ECF No. 48. The defendants have since filed a motion for summary judgment, along with select portions of Jackson's medical records. *See* ECF Nos. 55, 56-3. Jackson has filed a response in opposition to the motion in which he emphasizes that the medical records submitted by the defendants are incomplete. ECF No. 58 at 5. For instance, while the records submitted by the defendants include complaint and treatment notes from February 2021 to November 2021, and from January to November 2023, the defendants did not submit the complaint and treatment notes from the intervening period, even though they maintain that Jackson continued to receive medical treatment during that time frame. *See* ECF No. 56-3 at 16 –23.

Because it does not appear from the record that Jackson has had the opportunity to review all of the medical records that the defendants obtained from the VDOC, the court construes Jackson's response as a request for relief under Federal Rule of Civil Procedure 56(d). Rule 56(d) permits a court to defer considering a motion for summary judgment if a nonmovant declares that "it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Although a Rule 56(d) motion is typically supported by an affidavit, "even in the affidavit's absence, a district court abuses its discretion by granting summary judgment when it otherwise has 'fair notice of . . . potential dispute[s] as to the sufficiency of the summary judgment record." *Shaw v. Foreman*, 59 F.4th 121, 128 (4th Cir. 2023) (alterations in original) (quoting *Pledger v. Lynch*, 5 F.4th 511, 526 (4th Cir. 2021)). "Such premature summary judgment is particularly disfavored in the context of pro se litigation." *Id.*

Jackson's response in opposition provides fair notice of a potential dispute as to the sufficiency of the summary judgment record. Although the Bates numbering on the medical records submitted by the defendants indicates that they received over 100 pages of medical records from the VDOC, only 23 pages were submitted in support of their motion for summary judgment, and those do not appear to include all of the complaint and treatment notes from the relevant period. Accordingly, I find it appropriate to defer considering the defendants' motion for summary judgment until Jackson has had the opportunity to review the medical records in the defendants' possession.

For these reasons, it is hereby **ORDERED** as follows:

1. Jackson's response in opposition to the defendants' motion for summary judgment, which the court construes as a request for relief under Rule 56(d), is **GRANTED**;

2. Within 15 days of the date of entry of this Order, the defendants shall provide Jackson with a complete copy of the medical records obtained from the VDOC;

3. Jackson shall file any supplemental response to the defendants' motion for summary judgment, including any additional medical records that he wishes to add to the summary judgment record, within 45 days of the date of entry of this Order.

The Clerk is directed to send a copy of this Order to the parties.

ENTERED: September 9, 2024

*C. Kailani Memmer*

C. Kailani Memmer
United States Magistrate Judge