CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

November 15, 2024

LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

DANIEL NEIL JACKSON, )
    Plaintiff, ) Civil Action No. 7:22-cv-00090
     )
v. )
     ) By: C. Kailani Memmer
D. DAMERON, *et al.*, ) United States Magistrate Judge
    Defendants. )

## ORDER

Daniel Neil Jackson, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 against D. Dameron, RN, and Kyle Smith, MD. Jackson claims that the defendants acted with deliberate indifference to his serious medical needs while he was incarcerated at Augusta Correctional Center. The defendants previously requested and received permission to issue a subpoena requesting the production of relevant medical records in the possession of the Virginia Department of Corrections ("VDOC"). By order entered September 9, 2024, the court directed the defendants to provide Jackson with a complete copy of those medical records within 15 days and gave Jackson 45 days to file any supplemental response to the defendants' motion for summary judgment. The case is presently before the court on the defendants' motion for extension of time to comply with the order, ECF No. 64, and Jackson's response in opposition, ECF No. 65. For the following reasons, the court will grant the defendants' motion for extension of time.

The defendants filed their motion for extension of time and corresponding notice of compliance on October 3, 2024, after Jackson advised the court that he had not yet received the medical records that the defendants had been directed to provide. The defendants seek relief under Federal Rule of Civil Procedure 6(b)(1)(B), which governs extensions of time after the relevant deadline has passed. The rule provides that "[w]hen an act may or must be done within a specified

time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). These include the danger of prejudice to the nonmoving party, the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, and whether the moving party acted in good faith. *Id.*

Having considered the parties' arguments, the court finds that the relatively short delay in providing the medical records to Jackson is excusable and that extending the deadline will not prejudice Jackson or disrupt the proceedings. The defendants explain that a new VDOC policy requires that inmate mail be verified by the sender before an inmate receives it. Because of the voluminous nature of the medical records being sent to Jackson, defense counsel attempted to contact the VDOC and provide advance notice of the mailing. Unfortunately, defense counsel's efforts were unsuccessful, and the medical records were not sent to Jackson until after the 15-day deadline expired. To avoid further delay, the defendants provided a separate notification of the mailing to the VDOC, and Jackson's response to the motion indicates that he did, in fact, receive the medical records mailed to him by defense counsel. To the extent that the delay reduced the amount of time in which Jackson had to file a supplemental response to the defendants' motion for summary judgment, the court finds that any potential prejudice may be remedied by allowing him additional time to submit any further evidence or argument.

For these reasons, it is hereby **ORDERED** as follows:

1. The defendants' motion for extension of time to comply with the court's previous order, ECF No. 64, is **GRANTED**; and

2

2.  Jackson shall file any additional evidence or argument in response to the defendants'

    motion for summary judgment within 21 days of the date of entry of this order. The

    additional evidence shall include any portions of the medical records sent to Jackson

    by the defendants that Jackson wants the court to consider when ruling on the motion

    for summary judgment.

The Clerk is directed to send a copy of this order to the parties.

ENTERED: November 15, 2024

*C. Kailani Memmer*

C. Kailani Memmer
United States Magistrate Judge